UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ITALIA COLLIER, as the Proposed Administrator            DOCKET NO.:
of the Estate of EMANUEL ESHAWN JOHNSON, III

                                      Plaintiff,

       -against-

COUNTY OF SUFFOLK, THE SUFFOLK COUNTY             **COMPLAINT**
POLICE DEPARTMENT, and Police Officers
"John Does" 1-10, who are known by name to the
Defendants but as of yet are not fully known to the
Claimants,

                                   Defendants.            **JURY TRIAL DEMANDED**
-------------------------------------------------------------------X

The Plaintiff, by and through her attorneys, The Law Offices of Frederick K. Brewington, complaining of the Defendants herein, respectfully shows the Court and alleges:

**PRELIMINARY STATEMENT**

1. This is a civil action sounding in negligence and arising out of an incident leading to the death of Emanuel Johnson, III, which occurred on December 19, 2019, in the County of Suffolk, State of New York.

2. Specifically, the Plaintiff alleges that the Defendants, its agents, servants, and/or employees, inflicted upon decedent wrongful death, assault, false arrest, negligence, violation of Civil Rights, abuse of process, fabrication of evidence, and personal injuries through assault, murder, battery, negligent hiring and supervision, negligence, recklessness, intentional and careless action, failure to render medical treatment, unlawful search and seizure, defamation, property damage, intentional infliction of emotional distress, negligent infliction of emotional distress, cruel and unusual punishment, and violation of the civil rights of EMANUEL JOHNSON, III through and

by the negligent, callous, reckless and careless actions and inactions of the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, and Police Officers "John Doe" 1-10, who are known by name to the Defendants but as of yet are not fully known to the Claimants.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. Sections 1983, 1985, 1986 and 1988 and the, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1341 (3) & (4) and the aforementioned statutory and constitutional provisions.

4. Venue in the Eastern District of New York is proper under 28 U.S.C. §1391, based as the underlying events of this lawsuit transpired in Suffolk County, New York and the Defendants are conducting business in the State of New York, specifically Suffolk County. Upon information and belief the individual Defendants reside in the Eastern District of New York.

5. On or about December 14, 2021, Plaintiff ITALIA COLLIER filed a Petition, under file number 2021-5375 seeking to be named the Administrator of the Estate of Emanuel Johnson, III with the Suffolk County Surrogates Court. That Petition is pending before that Court. This Complaint is filed with the expectation that decedent's mother will be named as the Administrator of the Estate of Emanuel Johnson, III.

6. ITALIA COLLIER is a resident of the United States, residing in Richmond, Virginia.

7. The amount in controversy exceeds the jurisdictional limits of this and all other relevant courts, exclusive of interests and costs and Plaintiffs' causes of action arise from the Defendant's committing a federal violation and tortious act in New York; and causing tortious injury in New York.

## PARTIES

8. During all times mentioned in this complaint, Plaintiff ITALIA COLLIER was the mother of the decedent Emanuel Eshawn Johnson, III (hereinafter "Mr. Johnson").

9. ITALIA COLLIER, (hereinafter "Ms. Collier") on behalf of her son and as the Proposed Administrator of the Estate of Emanuel Eshawn Johnson, III, filed a proper application for Letters of Administration with the Suffolk County Surrogates Court.

10. At all times hereinafter mentioned, Plaintiff ITALIA COLLIER is the mother of decedent Emanuel Eshawn Johnson, III and is a resident of the United States, residing in the State of Virginia and the County of Richmond.

11. During all times relevant to this Complaint the Defendant COUNTY OF SUFFOLK (hereinafter "SUFFOLK" or "COUNTY") was and is a municipality of the State of New York. Upon information and belief, the COUNTY oversees, maintains, manages/supervises, and controls several departments, agencies and employees, including but not limited to, the Suffolk County Police Department, (and JOHN DOES 1-10),

12. During all times relevant in this Complaint the Defendant SUFFOLK COUNTY POLICE DEPARTMENT is an agency of the COUNTY OF SUFFOLK and operates under the direction and on behalf of Defendant COUNTY.

13. DEFENDANTS JOHN DOES 1-10 (who are currently not known by name by Plaintiff, but who are know by Defendants) are sued in their individual and official capacities (hereinafter collectively referred to as "DEFENDANT POLICE OFFICERS" or "DEFENDANT OFFICERS", or "OFFICERS") The DEFENDANT OFFICERS were at all times acting in furtherance of the scope of their employment, acting under color of law, to wit under color of

statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the COUNTY OF SUFFOLK.

## FACTUAL ALLEGATIONS

14. On December 19, 2019 Mr. Johnson, a twenty one (21) year old black man, was wrongfully and without justification or legal cause, abused, assaulted, battered, harassed, subjected to unreasonable and deadly force, was shot and was killed by a Suffolk County Police Officer, who has yet to be identified by Defendants.

15. The incident began with a traffic stop at or near, the Brentwood Long Island Rail Road station.

16. The incident culminated near the Brentwood Long Island Rail Road station on Suffolk Avenue near Eastern Avenue just before 10:30 p.m. The officers chased Mr. Johnson on foot to the backyard of Ana's Unisex & Barbershop at 908 Suffolk Avenue, Brentwood New York, 11717.

17. Upon information and belief, Mr. Johnson, was approached, stopped, and/or seized by SUFFOLK COUNTY POLICE DEPARTMENT and Police Officers "John Doe" 1-10, who are known by name to the Defendants, but as of yet are not fully known to the Plaintiff.

18. Upon information and belief, the "John Doe" police officers engaged in wrongful police action and caused Mr. Johnson to fear for his life. Upon information and belief, "John Doe" police officers exited their vehicle(s) with weapons drawn toward Plaintiff's decedent and then without legal justification approached Decedent in a violent manner.

19. Upon information and belief, following the approach a chase took place.

20. Upon information and belief, Mr. Johnson was initially unreasonably and unnecessarily struck with a TASER weapon following the car stop. Thereafter and without cause

or legal basis, was then fatally shot with a gun by SUFFOLK COUNTY POLICE DEPARTMENT and Police Officers "John Doe" 1-10, who are known by name to the Defendants but as of yet are not fully known to the Plaintiffs.

21. Upon information and belief, in an effort to cover-up their wrongdoing and violent mistreatment of Mr. Johnson, the "JOHN DOE" police officers along with other members and officers of Defendants, upon information and belief, wrote and gave false statements and testimony, provided false police reports, tampered with evidence, placed false evidence at the crime scene, intimidated eye-witnesses, intimidated Plaintiff's decedent and his family, falsely accused Plaintiff's decedent of crimes he did not commit, wrote and submitted false investigations and reports and/or provided false information in furtherance of an official investigation into the incident, and slandered Plaintiff's decedent in the media and in the community at large.

22. Defendants failed and/or refused to conduct a good faith investigation into the incident which resulted in the shooting death of EMANUEL ESHAWN JOHNSON, III. The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT and Police Officers "John Doe" 1-10, who are known by name to the Defendants but as of yet are not fully known to the Plaintiff, ratified, condoned and attempted to cover-up the actions of its officers. Before any official investigation could occur, Suffolk County Officials stated that they considered the shooting justified.

23. Following the murder of Mr. Johnson, the Suffolk County Police did not release to the public its findings of any investigation and to this day Suffolk County has refused to provide any information to Plaintiff's decedent's family despite requests being made.

24. Plaintiff's representatives, including family members and their legal representation have attempted to obtain information from Defendants regarding this incident and have been denied.

The information to which Plaintiff has been denied, includes, but is not limited to, names of the officers involved, autopsy reports and police records associated with this incident.

25. The inability to obtain information regarding this incident, coupled with the long delay in the appointment of an Administrator has served to frustrate Plaintiff's attempts to access the judicial system.

26. The COUNTY OF SUFFOLK and the SUFFOLK COUNTY POLICE DEPARTMENT maintain a practice, policy, and/or custom of allowing its officers to systematically and continuously violate the civil rights of citizens, particularly citizens classified as minorities, who reside in the COUNTY of SUFFOLK, in particular Plaintiff's decedent.

27. The COUNTY OF SUFFOLK and the SUFFOLK COUNTY POLICE DEPARTMENT have and maintain a practice, policy, and/or custom of allowing its officers to violate established procedures, protocols, and rule(s) with immunity and impunity.

28. As a result of the intentional and unintentional actions and inactions of Defendants, Plaintiff's decedent sustained and suffered death, severe damages and injuries including but not limited to personal injuries to his body and mind, loss of comfort, extreme mental and emotional harm and stress, loss of income, loss of employment, loss of life, and other injuries not yet fully ascertained.

29. As Plaintiff's decedent was fully in Defendants custody, control and responsibility up to, including and after his death, Defendants are jointly and severally liable for all damages suffered by Plaintiff's decedent.

## AS AND FOR THE FIRST COUNT
## 42 U.S.C. § 1983
## FALSE ARREST, UNREASONABLE
## AND EXCESSIVE USE OF FORCE, POLICE COVER-UP

30. Plaintiff repeats and realleges each and every allegation previously stated in paragraphs 1 through 29 of the Complaint with the same force and effect as though fully set forth herein.

31. On or about December 19, 2019, Plaintiff's decedent was placed in fear of his life, falsely seized, falsely detained, falsely arrested and shot to death by Defendants and subjected to unlawful search and seizure and excessive and unreasonable force leading to his death. Upon information and belief, the gunshot wounds were to the rear of his body.

32. On or about December 19, 2019, Plaintiff was placed in fear of his life, falsely arrested, falsely seized, and detained, against his will and shot to death without justification, explanation or rationale for such actions.

33. On or about December 19, 2019, before, during and while being detained, Plaintiff's decedent was subject to excessive and unreasonable force which led to his death by gunshots from OFFICERS.

34. On or about December 19, 2019 Plaintiff's decedent suffered from grave physical, mental and emotional pain caused by the gun shot wounds to his body.

35. Upon information and belief such seizure, arrest, detention and unreasonable force was ordered and carried by Defendant "John Doe" Police Officers, SCPD Officers, and Defendant COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT.

36. Defendant SCPD Officers blatantly used the regular issued legal process to take action against Plaintiff's decedent by falsely seizing him, with the intent to harm the Plaintiff's decedent by unlawfully shooting at and fatally wounding the Plaintiff's decedent Emanuel Eshawn Johnson, III.

37. Further, Defendant Police Officer John Doe(s) and Defendants committed the above mentioned acts without cause, justification, or authority, in order to disguise and cover up their own misconduct, having no consideration as to how these actions violated Plaintiff's decedent's rights.

38. The Defendants Officers failed to take any actions to prevent this unlawful behavior.

39. Upon information and belief, Defendant Police Officer John Doe(s) and Defendants took an active role in creating and manufacturing the allegations made against Plaintiff's decedent for the purpose of covering up their unjustified misconduct, unreasonable use of force and unnecessary and improper use of deadly force.

40. As part of the false arrest, detention and accusations, Defendants caused Plaintiff to be seized, arrested and be subjected to dangerous and deadly force without probable cause and caused him to be deprived of his liberty, deprived of his enjoyment of life, all without due process and was further exposed to disgrace, public humiliation and embarrassment.

41. The Defendants individually and collectively knew at the time of Plaintiff decedent's arrest and killing and at all times since that time that their actions were, and continue to be violative and against the civil and constitutional rights of the Plaintiff decedent.

42. Each of the Defendants acting under color of law, acted separately and in concert and without authorization of law and each of the Defendants, separately and in concert acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of his right to freedom from

excessive force, illegal seizure of his person, freedom from illegal detention and imprisonment. All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, the Fourth Amendment, and the Fourteenth Amendment and by 42 U.S.C. § 1983.

43. In falsely arresting, falsely imprisoning, abusing, detaining, shooting, threatening, intimidating and denying Plaintiff's decedent his right to be free from unreasonable, excessive and deadly force, the Defendants, knew or should have known they were violating the rights and laws of the United States and those statutory and Constitutional rights set forth herein causing harm and death to Plaintiff's decedent.

44. That by reason of the foregoing, Plaintiff's decedent was placed in fear of his life, emotional damages, distress, pain, suffering, loss of self esteem, and exposed him and his family to disgrace, public humiliation and embarrassment, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in a sum in excess of Five Million ($5,000,000.00) Dollars.

## AND AS FOR A SECOND COUNT
## 42 U.S.C. § 1983- FAILURE TO INTERVENE

45. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 44 of this Complaint with the same force and effect as though fully set forth herein.

46. Defendant Police Officer "John Doe(s)" and Defendants knew or should have known that the detainment, false arrest, wrongful imprisonment and excessive force by shooting Plaintiff's decedent violated the Plaintiff' decedent's rights, guaranteed to him under the Fourth, Fifth, and

Fourteenth Amendments and 42 U.S.C. § 1983.

47. Each of the Defendants had the authority, ability and concurrent duty under 42 U.S.C.§ 1983 to prevent the false arrest, wrongful detainment and excessive force against the Plaintiff decedent, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff's decedent when such violations did in fact occur.

48. Defendant Police Officer "John Doe(s)" failed to stop these wrongful actions which constitutes a breach of their duty to do so under 42 U.S.C. § 1983.

49. Defendant Police Officer "John Doe(s)" knew or should have known that the fabricated accusations against Plaintiff's decedent were violative of his Fourth, Fifth and Fourteenth Amendment rights to due process, and were tantamount to unequal protection under the law, in violation of the Plaintiff' decedent's fundamental rights under the Constitution.

50. Said Defendants had and continue to have the power to prevent the continued due process violations against Plaintiff's decedent yet have failed to prevent or dismiss the pending fabricated charges against the Plaintiff's decedent.

51. Defendant SUFFOLK COUNTY and Defendant SUFFOLK COUNTY Police Department's exoneration of and refusal to discipline Defendant Police Officer "John Doe(s)" for his/their misconduct against Plaintiff's decedent is neglectful of their duty to prevent the further violation of Plaintiff decedent's right to compensation under 42 U.S.C. § 1983 with such violation occurring as a result of said officers being improperly cleared and/or never charged of any wrongdoing.

52. That by reason of the foregoing, Plaintiff was placed in fear of his life, deprived of his life, emotional damages, distress, pain, suffering, and exposed him and his family to disgrace,

public humiliation and embarrassment, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in a sum in excess of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 - Municipal Violations

53. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 52 of this Complaint with the same force and effect as though fully set forth herein.

54. Prior to December 19, 2019 and since that time, Defendant SUFFOLK COUNTY has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal beatings and shootings of persons by police officers of the Defendant SUFFOLK COUNTY Police Department. Although such beatings and shootings were improper, the officers involved were not seriously prosecuted, disciplined or subjected to restraint, and such incidents were in fact covered up with official claims that the beatings and shootings were justified and proper. As a result, Defendant SUFFOLK COUNTY Police Officers were caused and encouraged to believe that citizens and other persons could be beaten or shot under circumstances not requiring the use of that level of force, and that such beatings would in fact be permitted by Defendant SUFFOLK COUNTY.

Defendant Police Officer "John Doe(s)" and Defendants accusations and allegations against Plaintiff's decedent were false, malicious, negligent, reckless, intentional and wrongful and were intended to cause Plaintiff injury and to harass Plaintiff.

55. Defendant Police Officers "John Doe(s)" and Officers from Defendant County of Suffolk Police Department brought about Plaintiff' decedent's seizure, arrest, detention and false accusation, all without lawful or proper basis or justification, conspiring against the Plaintiff's

decedent and demonstrating no consideration of Plaintiff' decedent's rights and in violation of all of Plaintiff' decedent's rights.

56. Defendant Police Officer "John Doe(s) from Defendant County of Suffolk Police Department brought about Plaintiff' decedent's brutal assault and gunshot wounds, all without lawful or proper basis or justification. All without consideration of Plaintiff' decedent's rights and in violation of all of Plaintiff' decedent's rights.

57. In addition to permitting a pattern and practice of improper beatings and shootings of minority persons, Defendant SUFFOLK COUNTY has failed to maintain a proper system for investigation of all incidents of unjustified beatings, shootings and excessive use of force by police officers.

58. Upon information and belief, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT are liable for the violation of rights, assault, battery, excessive force, beating, improper restraint and false arrest because the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, have ignored, condoned, and permitted a pattern of excessive force and abuse of process, and the COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT failed to timely release the names of the Defendant Police Officers, failed to discipline the officers involved in such incidents, and failed to investigate, with the result that police officers of SUFFOLK COUNTY POLICE DEPARTMENT are encouraged to believe that they can violate the rights of persons such as the decedent Mr. Johnson with impunity, and that the COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT have acted and continue to act in violation of individual rights constituting, through their actions, and policy.

59. The COUNTY OF SUFFOLK has failed to respond to the continuing and urgent need to prevent, restrain and discipline police officers who wrongfully use deadly force, beat, shoot and abuse persons including but not limited to Black persons. The pattern of physical abuse, abuse of authority, use of excessive and deadly force includes examples such as Jesse Bonsignore, Al Kirby, Kenny Lazo, Stephen Kelly, Brian Garcia, Daniel McDonnell, Dainell Simmons and John Cox to name just a few.

60. Defendant SUFFOLK COUNTY has maintained a system of review of unjustified beatings, shootings and excessive use of force by police offices that has failed to identify the improper brutality by police officers and failed to subject officers who shot, beat and/or brutalized citizens to discipline, closer supervision or restraint, to the extent that it has become the custom of Defendant SUFFOLK COUNTY to tolerate the improper assaults, illegal arrests and other wrongful actions by police officers.

61. Upon information and belief, specific systemic flaws in Defendant SUFFOLK COUNTY's police brutality review process include, but are not limited to, the following:

> a. Preparing reports regarding investigations of beatings and shooting incidents as routine point-by-point justifications of the police officer's actions, regardless of whether such actions are justified;
>
> b. Police Officers investigating beating and shootings systematically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;
>
> c. Police officers investigating beating/shootings fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;
>
> d. Supervisory police officers at times issue public statements exonerating police officers for excessive use of force and improper beatings/shootings before the investigation of the incident by the police department has been completed;

      e. Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

62.    The foregoing acts, omissions, systemic flaws, policies and customs of the Defendant SUFFOLK COUNTY caused police officers of the Defendant SUFFOLK COUNTY to believe that brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

63.    As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of Defendant SUFFOLK COUNTY and Defendant Police Officer "John Doe(s)", unjustifiably shot and killed Plaintiff's decedent, all in violation of his civil and constitutional rights and he suffered the gravest of physical injury, psychological harm, mental distress, humiliation, embarrassment and fear.

64.    That by reason of the foregoing, Plaintiff's decedent was placed in fear of his life, was deprived of his life, emotional damages, distress, pain, suffering, and exposed him and his family to disgrace, public humiliation and embarrassment, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in a sum in excess of Five Million ($5,000,000.00) Dollars.

    WHEREFORE, the Plaintiff's decedent demands judgement against the Defendants:

    a)    On the First Count in the sum in excess of Five Million ($5,000,000.00) Dollars;

    b)    On the Second Count in the sum in excess of Five Million ($5,000,000.00) Dollars;

    c)    On the Third Count in the sum in excess of Five Million ($5,000,000.00) Dollars;

    d)    Punitive damages in the sum in excess of Five Million ($5,000,000.00) Dollars;

    e)    Declaratory Judgment that Defendants wilfully violated plaintiffs' rights secured by federal and state law as alleged herein;

    f)    Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

    g)    Award such other and further relief as this Court may deem appropriate, including costs and attorney's fees.

**A JURY TRIAL IS HEREBY DEMANDED**.

Dated: Hempstead, New York
December 19, 2022

LAW OFFICES OF
FREDERICK K. BREWINGTON

By:   *Albert D. Manuel III*
ALBERT D. MANUEL III
*Attorneys for Plaintiff*
556 Peninsula Boulevard
Hempstead, New York 11550
Tel: (516) 489-6959